COMMONWEALTH of Pennsylvania, Appellee,

v.

Nathan KIRKLAND, Appellant.

Superior Court of Pennsylvania.

Submitted June 2, 2003.
Filed July 29, 2003.
Reargument Denied Sept. 29, 2003.

---

J. Matthew Wolfe, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: MUSMANNO, BOWES and CAVANAUGH, JJ.

OPINION BY BOWES, J.:

¶ 1 Nathan Kirkland appeals from the judgment of sentence of two to four years imprisonment that was imposed after he was convicted at a nonjury trial of simple assault, possession of a controlled substance, and possession with intent to deliver a controlled substance. For the following reasons, we reverse Appellant's conviction on the charge of possession with intent to deliver a controlled substance and remand for re-sentencing.

¶ 2 The relevant facts are as follows. At approximately 9:00 p.m. on April 29, 1999, Philadelphia Police Officer Jack Kenner and his partner, Officer Richard Lynch, drove to Appellant's residence at 3136 North Marston Street to investigate a report of an individual brandishing a firearm. Appellant's wife, Monique Byrd, met the officers outside the residence and informed them that Appellant, who was on the porch, had assaulted her and threatened her brother with a handgun. The officers examined Ms. Byrd and observed scratches and bruises on her face and arms. Ms. Byrd indicated that she wanted to press charges against Appellant, and Officer Kenner instructed Officer Lynch to place Appellant under arrest. A pat-down search of Appellant's person yielded a set of car keys, a pager, a pocket knife, and a screwdriver. Ms. Byrd was adamant that Appellant possessed a handgun. When none was found on his person, she indicated that it might be inside the vehicle Appellant had been driving, which she identified for the officers.

¶ 3 As he was being placed in the police car, Appellant asked Officer Lynch to give the car keys found on his person to a man named Tony who was standing nearby. Officer Lynch initially complied with Appellant's request, but then retrieved the keys, walked over to the vehicle Appellant had been driving, and peered through the front window using a flashlight. When he scanned the vehicle's interior, Officer Lynch observed a dinner plate resting on the back seat which contained "an off-white chunky substance" that was later determined to be 6.876 grams of crack cocaine, a razor blade with cocaine residue, and several unused ziplock packets in a brown paper bag. N.T. Preliminary Hearing, 8/27/99, at 34. Believing the off-white substance to be crack cocaine, Officer Lynch and his partner seized the plate and its contents. When Officer Lynch subsequently returned to the police car, Appellant asked him what he had found inside the vehicle, to which Officer Lynch replied, "You know what we found." N.T. Trial, 9/20/00, at 16. At that point, Appellant stated, "Ya'll found narcotics." *Id.*

¶ 4 Based on this evidence, Appellant was convicted of the enumerated offenses, and on January 29, 2001, the court imposed a sentence of two to four years imprisonment followed by five years probation. No post-sentence motions were filed, and no direct appeal was taken. Thereafter, Appellant filed a timely PCRA petition seeking restoration of his appellate rights. The trial court reinstated Appellant's appellate rights, and this appeal followed.

■ ¶ 5 The sole issue presented on appeal is whether the verdict was "against the weight of the evidence as to ... Appellant's constructive possession of the controlled substances or his intent to deliver them." Appellant's brief at 7. Initially, we observe that Appellant's challenge actually relates to the sufficiency of the evidence supporting his convictions for

possession of a controlled substance and possession with intent to deliver a controlled substance. Indeed, in its Pa.R.A.P. 1925(a) opinion, the trial court utilized the standard of review for sufficiency determinations and concluded that the Commonwealth presented sufficient evidence to sustain Appellant's narcotics convictions. Like the trial court, we will address the issues raised herein in terms of the sufficiency of the evidence. *Cf. Commonwealth v. Bishop*, 742 A.2d 178 (Pa.Super.1999) (Superior Court addressed weight and sufficiency issues where appellant's weight-of-the-evidence claims implicated both types of issues).

¶ 6 When considering a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish every element of the offense beyond a reasonable doubt. *Commonwealth v. Krouse*, 799 A.2d 835 (Pa.Super.2002). Any question of doubt is for the trier of fact, unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Foreman*, 797 A.2d 1005 (Pa.Super.2002).

¶ 7 Appellant first contends that the Commonwealth failed to prove beyond a reasonable doubt that Appellant constructively possessed the crack cocaine found in the vehicle that he had been driving prior to the altercation that led to his arrest. We disagree.

¶ 8 Since the police did not find any narcotics on Appellant's person, the Commonwealth was required to prove that Appellant constructively possessed the crack cocaine found in the vehicle. *See*

*Commonwealth v. Davis*, 743 A.2d 946 (Pa.Super.1999). Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control. *Commonwealth v. Macolino*, 503 Pa. 201, 469 A.2d 132 (1983). The intent to exercise conscious dominion can be inferred from the totality of the circumstances. *Id.; see also Commonwealth v. Aviles*, 419 Pa.Super. 345, 615 A.2d 398 (1992).

¶ 9 In the instant case, Appellant contends that the Commonwealth failed to prove constructive possession because: 1) Appellant did not own the vehicle in which the cocaine was found; 2) Appellant was "never placed" in the vehicle; 3) the cocaine was located on the back seat of the vehicle rather than the front seat; 4) the vehicle's front windows were down and the vehicle was unlocked. Appellant's brief at 10–11.

¶ 10 We reject Appellant's argument that the evidence was insufficient to establish constructive possession. The record reveals that Ms. Byrd told the arresting officers that Appellant drove the vehicle in question to their residence prior to the assault, and Appellant possessed the keys to the vehicle. The cocaine was situated on a plate lying in plain view on the back seat of the vehicle, and when Officer Lynch returned to his patrol car, Appellant stated, "Ya'll found narcotics." Considering the totality of the circumstances, we find that the Commonwealth proffered ample evidence to support the inference that Appellant constructively possessed the cocaine.

¶ 11 Lastly, Appellant asserts that the evidence adduced at trial was insufficient to prove possession of a controlled substance with intent to deliver. In leveling this claim, Appellant argues: 1) no one testified that Appellant was a drug dealer; 2) no cash was found on Appellant or in

the vehicle where the cocaine were found; 3) no scales or dilutants commonly added to cocaine before it is sold were found inside the vehicle; and 4) the Commonwealth failed to present expert testimony establishing that the cocaine was intended for sale rather than personal use. For reasons discussed below, we find that the Commonwealth failed to prove beyond a reasonable doubt that Appellant possessed the cocaine with the intent to deliver it. Accordingly, we reverse Appellant's conviction for that offense.

¶ 12 To establish the offense of possession of a controlled substance with intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it. *Commonwealth v. Conaway*, 791 A.2d 359 (Pa.Super.2002); *Commonwealth v. Aguado*, 760 A.2d 1181 (Pa.Super.2000). The trier of fact may infer that the defendant intended to deliver a controlled substance from an examination of the facts and circumstances surrounding the case. *Conaway, supra*. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant. *Id.*

¶ 13 In the case at bar, the Commonwealth established that Appellant constructively possessed one piece of crack cocaine weighing 6.876 grams, a razor blade with cocaine residue, and a paper bag containing several unused ziplock packets. The cocaine was situated on a plate lying in plain view on the back seat of the vehicle that Appellant drove to his residence on the night of his arrest. Appellant did not exhibit any behavior indicative of drug activity, and there was no indication that the vehicle was parked in an area known for drug activity. No cur-

rency or scales were discovered in the vehicle or on Appellant's person, and the Commonwealth failed to present any expert testimony establishing that the value of or volume of the cocaine was such that the cocaine was not intended for personal use. Furthermore, no one saw Appellant engage in any drug transactions.

¶ 14 The Commonwealth cites the following cases in support of its contention that sufficient evidence existed for the trial court to infer that Appellant possessed the cocaine with the intent to deliver it: *Commonwealth v. Santiago*, 462 Pa. 216, 340 A.2d 440 (1975); *Commonwealth v. Johnson*, 782 A.2d 1040 (Pa.Super.2001); *Commonwealth v. Drummond*, 775 A.2d 849 (Pa.Super.2001); and *Commonwealth v. Jackson*, 435 Pa.Super. 410, 645 A.2d 1366 (1994). These cases do not support the Commonwealth's position.

¶ 15 In *Commonwealth v. Santiago, supra*, our Supreme Court held that possession of a large quantity of narcotics is a circumstance from which the trier of fact may infer that the narcotics were intended for delivery. In that case, five Philadelphia Police Officers executed a search warrant at the defendants' residence and seized $250,000 worth of heroin. The officers found strainers, spoons, razor blades, hundreds of empty glassine packets, rubber bands, two pouches of heroin with a total weight of one-half pound, and more than twenty-five packets of heroin. In upholding the defendants' convictions, the Court noted that the presence of $250,000 worth of heroin, glassine bags, rubber bands, razor blades, and other paraphernalia used in drug trafficking "unquestionably indicated a planned future transfer either by sale or other distribution." *Id.* at 223, 340 A.2d at 444.

¶ 16 In *Commonwealth v. Johnson, supra*, the Commonwealth presented evidence that the defendant, who was on pa-

role at the time of his arrest, was observed by a police officer leaving a bar in a "high drug area." *Id.* at 1040. A consensual search of the defendant's person yielded two glassine bags of crack cocaine, prompting the defendant to flee. The defendant was quickly apprehended, and a second search of his person led to the discovery of seven additional bags of crack cocaine, a pager, and $86 in cash. On appeal, this Court concluded that there was sufficient evidence to convict the defendant of possession with intent to deliver a controlled substance since the Commonwealth presented expert testimony indicating, *inter alia,* that the crack cocaine found on Appellant's person was worth approximately $200 and that a user would more likely possess two large bags of crack cocaine worth that amount rather than nine small bags.

¶ 17 In *Commonwealth v. Drummond, supra,* police searched the defendant's apartment for narcotics and seized three clear bags of cocaine, a bag containing thirty pink ziplock bags, and $205 in cash. In addition, two pink ziplock packets of cocaine and $75 were found on the defendant's person. The defendant subsequently was convicted of possession with intent to deliver a controlled substance, and we affirmed, noting that the Commonwealth presented expert testimony regarding the street value of the cocaine, the manner in which cocaine is purchased for sale, and the low probability that a user would possess such a large quantity of cocaine.

¶ 18 Finally, in *Commonwealth v. Jackson, supra,* this Court affirmed an order granting the defendant's motion in arrest of judgment on the charge of possession with intent to deliver a controlled substance after he was convicted of that offense at a nonjury trial. The defendant in *Jackson* possessed seven unused syringes, seventeen balloons of fentanyl weighing a total of 1.17 grams, and a ten-dollar bill. On appeal, we upheld the trial court's determination that the evidence was insufficient to sustain the defendant's conviction, observing that: (1) the amount of fentanyl recovered was consistent with "personal daily consumption;" (2) the ten-dollar bill did not suggest an intent to distribute narcotics; (3) the unused syringes indicated that the fentanyl was for personal use; (4) the defendant was not observed engaging in any drug transactions; and (5) the evidence did not establish that the defendant was a drug dealer. *Id.* at 1369.

¶ 19 The preceding analysis demonstrates the importance of expert testimony in drug cases where the other evidence does not overwhelmingly support the conclusion that the drugs were intended for distribution. In the instant case, Appellant did not possess any cash, scales, dilutants, or other drug paraphernalia used by dealers, and a relatively small amount of cocaine was recovered. Additionally, the record bears no indication as to the value of the drugs found in the vehicle, and it is unclear whether 6.876 grams of crack cocaine is consistent with personal use. Thus, we find that the Commonwealth presented insufficient evidence to support Appellant's conviction for possession with intent to deliver a controlled substance.

¶ 20 Consistent with this opinion, Appellant's conviction for possession with intent to deliver a controlled substance is hereby reversed. The case is remanded for resentencing on the remaining charges.

¶ 21 Case remanded. Jurisdiction relinquished.