J-S06021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN KIMBLE | |
| Appellant | No. 152 EDA 2014 |

Appeal from the Judgment of Sentence June 23, 2009
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011107-2008

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 02, 2015**

Kevin Kimble appeals from his judgment of sentence imposed in the Court of Common Pleas of Philadelphia County after he was convicted, following a nonjury trial, of one count each of possession with intent to deliver[1] ("PWID") and knowing and intentional possession.[2]  After careful review, we affirm.

On the evening of April 17, 2008, Philadelphia Police Officer Patrick Banning was conducting surveillance on the 300 block of Wilton Street in the City and County of Philadelphia.  During the span of approximately one half

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

hour, Officer Banning witnessed Kimble engage in five separate, yet similar, exchanges in which one or more individuals would approach him, speak briefly with him, and hand him money. Kimble would then bend down behind a white Saturn automobile parked directly in front of Officer Kimble's car, reach under the bumper and reemerge with a plastic bag in his hand. He would then hand the plastic bag to the other individual(s). Two of Kimble's "customers," fitting descriptions provided by Officer Banning, were subsequently apprehended and found to possess "small orange-tinted zip-lock packets containing an off-white, chunky substance that later tested positive for the presence of cocaine." Trial Court Opinion, 7/30/14, at 4. At the direction of Officer Banning, Officer Duane Watson arrested Kimble and recovered from his person $189 in U.S. currency. Also at Officer Banning's direction, Officer Michael Waters recovered from the rear bumper of the Saturn a plastic bag containing sixty-six orange-tinted Ziploc packets, each containing an off-white chunky substance that later tested positive for the presence of cocaine.

Kimble was tried before the Honorable Charles J. Cunningham, III, on June 23, 2009, and found guilty of PWID and possession. At the conclusion of trial, Kimble was sentenced to one to five years' imprisonment. After filing a petition under the Post Conviction Relief Act,[3] Kimble's direct

_____

[3] 42 Pa.C.S.A. §§ 9541-9546.

appellate rights were reinstated, *nunc pro tunc*. This timely appeal follows, in which Kimble challenges the sufficiency of the evidence to prove that he possessed the narcotics in question.

Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is de novo and our scope of review is plenary. **Commonwealth v. Murray**, 83 A.3d 137, 151 (Pa. 2013). We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt. **Commonwealth v. Cahill**, 95 A.3d 298, 300 (Pa. Super. 2014).

> In applying the above test, we may not weigh the evidence and substitute our judgment for the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.*

A person is guilty of PWID when he possesses a controlled substance with the intent to deliver it. 35 P.S. § 780-113(a)(30). Possession can be found by proving actual possession, constructive possession or joint

constructive possession. *Commonwealth v. Gutierrez*, 969 A.2d 584, 590 (Pa. Super. 2009), citing *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999). Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control. *Commonwealth v. Kirkland*, 831 A.2d 607, 610 (Pa. Super. 2003) (citation omitted). The intent to exercise conscious dominion can be inferred from the totality of the circumstances. *Id.*

Here, Kimble argues that the Commonwealth failed to prove that he possessed the narcotics because he did not have drugs on his person and the Commonwealth did not show any connection between Kimble and the Saturn automobile. Kimble's argument misses the mark.

In order to establish constructive possession, the Commonwealth was not required to prove that Kimble owned the Saturn or even knew who did. Repeatedly, Officer Banning witnessed Kimble retrieve plastic baggies from the bumper of the car and deliver them to his customers. Moreover, Officer Banning did not witness anyone else approach the bumper or handle the drugs during the relevant period. Two of Kimble's customers were later apprehended and found to be in possession of the same orange-colored baggies Kimble retrieved from the Saturn's bumper. The Commonwealth's evidence established Kimble's actual and repeated connection to the drugs hidden in the vehicle's bumper.

The facts of this case are nearly identical to *Commonwealth v. Lee*, 956 A.2d 1024 (Pa. Super. 2008). There,

> Philadelphia police officers observed Lee engage in two hand-to-hand drug transactions in which money was exchanged for small items retrieved from a stash in a nearby vacant lot. Subsequent to the first transaction, Police recovered a pink-tinted Ziploc packet containing crack cocaine from the first buyer. When police arrested Lee following the second transaction, they recovered $40.00 from his person. Additionally, police discovered 49 pink-tinted Ziploc packets containing crack cocaine from the vacant lot adjacent to the location at which the hand-to-hand transactions had taken place. The secreted Ziploc packets of cocaine were identical to the pink-tinted packet police recovered from the first buyer. Additionally, Lee did not possess any drug paraphernalia that would indicate personal use of the drugs recovered.

*Id.* at 1028.

Based on *Lee*, and the ample evidence adduced at trial demonstrating Kimble's constructive possession of the cocaine, Kimble is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/2/2015