J-S55043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MARTIN LUTHER LAFOND | |
| Appellee | No. 625 EDA 2014 |

Appeal from the Order Entered January 17, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005473-2010

BEFORE:  BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 27, 2015**

The Commonwealth appeals from the order entered on January 17, 2014, in the Court of Common Pleas of Lehigh County, granting Martin Luther Lafond's motion for arrest of judgment after a jury found him guilty of possession of a controlled substance and firearms not to be carried without a license.[1]  By agreement with the parties, the trial court found Lafond guilty of person not to possess firearms.[2]  The charges arose from a police search of Lafond's unoccupied car.  The trial court granted Lafond's motion for arrest of judgment on the basis there was insufficient evidence to prove Lafond constructively possessed the drugs and gun found in his car.

_____

[1] 35 P.S. § 780-113(a)(16) and 18 Pa.C.S. § 6106(a)(1)(c), respectively.

[2] 18 Pa.C.S. § 6105(a)(1).

In this timely appeal, the Commonwealth argues the trial court based its decision upon impermissible inferences that had no basis in the record. After a thorough review of the submissions by the parties, the certified record, and relevant law, we reverse and remand for re-imposition of the jury verdict and entry of judgment of sentence against Martin Luther Lafond.

Before we begin our substantive analysis, we recite our standard of review.

> When ruling on a motion in arrest of judgment, a trial court is limited to ascertaining "the absence or presence of that quantum of evidence necessary to establish the elements of the crime." At this stage in the proceedings, the trial court is limited to rectifying trial errors, and cannot make a redetermination of credibility and weight of the evidence....
>
> For purposes of appellate review,
>
> "In passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the *entire trial record.* All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove."
>
> In order for a trial court to properly grant a criminal defendant's motion in arrest of judgment on the ground of insufficient evidence, "it must be determined that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed [the verdict could properly have been based], it would be nonetheless insufficient in law to find beyond a reasonable doubt that the [defendant] is guilty of the crime charged."

***Commonwealth v. Marquez***, 980 A.2d 145, 147-48 (Pa. Super. 2009) (citation omitted).

We are also cognizant that circumstantial evidence was presented in the Commonwealth's case. Accordingly, we note:

> Circumstantial evidence is defined as "evidence of one fact, or of a set of facts, from which the existence of the fact to be determined may reasonably be inferred." The inference, or process of reasoning by which a conclusion is reached, "must be based upon the evidence given, together with a sufficient background of human experience to justify the conclusion."

*D'Ardenne by D'Ardenne v. Strawbridge & Clothier, Inc.*, 712 A.2d 318, 320 (Pa. Super. 1998) (internal citation omitted).

In addition, "Although a guilty verdict may not be based on 'suspicion or surmise,' ... the Commonwealth may rely on circumstantial evidence to prove its case." *Commonwealth v. Perry*, 483 A.2d 561, 565 (Pa. Super. 1984) (citation omitted).

We recite the facts[3] as reported by a prior panel of our Court:[4]

> On July 30, 2010, a police officer was on routine patrol in his vehicle when an unidentified pedestrian stopped him. The pedestrian informed the officer that there were four men with guns in a burgundy Buick. The officer went to the location identified by the tipper and found the vehicle unoccupied and locked. The officer observed a large bag of marijuana in plain view partially under the passenger seat. After obtaining a

_____

[3] These are the facts as presented in the preliminary hearing held December 10, 2010. Testimony at trial was substantially similar. Any discrepancies with trial evidence will be noted. None of the discrepancies is material to the resolution of the instant appeal.

[4] The issue in this prior appeal was whether the Commonwealth had presented a *prima facie* case against Lafond.

- 3 -

warrant, the officer[5] found additional marijuana in the console and a revolver under the console on the seat. No fingerprints belonging to [Lafond] were found on the firearm or drugs. Fingerprints of an unidentified third-party were found on the drugs.

[Lafond] owns the Buick. In the car, officers found mail with [Lafond's] name and address. Officers also found photographs of [Lafond] in the glove compartment.[6] Additionally officers found a beaded necklace, which [Lafond] appears to be wearing in some of the photographs.[7] One of the photographs also depicts [Lafond] standing near the Buick on the same street where the officers found the Buick on July 30, 2010.

**Commonwealth v. Lafond**, 48 A.3d 478 (Pa. Super. 2012) (unpublished memorandum).

Additionally, we note that the Commonwealth introduced seven of the photographs that were found in the vehicle into evidence and published those photographs to the jury. Lafond is shown wearing the necklace in four of the seven photographs published to the jury. **See** Commonwealth Exhibits 3-5, 8. The photograph of the car parked on the street, mentioned in the prior memorandum, was also shown to the jury. **See** Commonwealth Exhibit 6. The remaining 200+ photographs were introduced into evidence

_____

[5] The assigned detective, not the patrol officer, obtained the search warrant and found the contraband. N.T. Trial, 8/13/2013, at 61.

[6] Some mail was found in the glove compartment and some in the trunk. The photographs were found in the trunk. N.T. Trial, 8/13/2013, at 67.

[7] The testimony at trial indicated the necklace was at least similar, but not necessarily identical, to the one Lafond was wearing in the photographs. N.T. Trial 8/13/2013, at 71.

and are part of the certified record, but were not shown to the jury. Evidence was presented confirming the Buick was owned by Lafond, N.T. Trial, 8/13/2013, at 62, the gun was a loaded and operable .38 caliber revolver, *id*. at 67, 201-204, and the substance found in the baggies in the car was marijuana. *Id*. at 75, 83-85. There was no sign the car had been broken into, and the car had not been reported stolen. *Id*. at 74-75, 121. The car was parked approximately two to two and one-half blocks from Lafond's home. *Id*. at 66. Finally, the car was parked near a playground that had 20-40 people in it, so the police could not positively identify any person nearby as associated with the car. *Id*. at 16.

The Commonwealth argues that the circumstantial evidence was sufficient to allow the jury to conclude beyond a reasonable doubt that Lafond was one of the people in the car and was in possession of the drugs and revolver. Pursuant to the trial court's standard in initially passing on the motion for arrest of judgment and our standard in review, we are compelled to agree with the Commonwealth and reverse the trial court's grant of the motion to arrest judgment.

The trial court opines that the Commonwealth's case, and therefore the verdict, "relies solely on the ownership of the Buick, and the marijuana and revolver found in the vehicle." Trial Court Opinion, 1/17/2014, at 7. Additionally, the trial court states, "the evidence is nothing more than conjecture based on the assumption that ownership equals guilt. It fails to

take into account the myriad of ways the Buick could have found its way into someone else's control." *Id*. at 10.

While ownership of the Buick and the contraband found therein are necessarily large parts of the circumstantial evidence, they are not, as the trial court opines, the only evidence. The tipster's brief description of the occupants of the Buick does not exclude Lafond. The car was found locked and in a place the car had demonstrably been parked by Lafond before. *See* Exhibits C-2 and C-6. There were no signs of a break in and the car had not been reported stolen. The car was found a short distance from Lafond's home. The only other items in the car, photographs and mail, were demonstrably Lafond's. Finally, no other persons' belongings were found in the car.

Based upon the totality of this evidence, it was not mere suspicion or surmise for the jury to conclude that Lafond had been one of the people in his own car. While a person may lend his or her automobile to another, here, there was no evidence in the car to suggest Lafond had done so.[8] Similarly, the police found no evidence that the car had been taken without

---

[8] This comment is not meant to suggest Lafond had an obligation to present evidence. We simply note that the police found nothing in the car to suggest Lafond had lent to car to anyone, and, therefore, had no knowledge of the contraband held within.

Lafond's permission or knowledge. Accordingly, this is not an instance where ownership of the car alone is equated to guilt.

We must now look to the possession aspect of the verdict. Clearly, the police did not apprehend Lafond with actual possession of the contraband.

> As appellant was not in physical possession of the contraband, the Commonwealth was required to establish that he had constructive possession of the seized items to support his convictions.
>
>> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012), *appeal denied,* 619 Pa. 697, 63 A.3d 1243 (2013) (internal quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. *Commonwealth v. Bricker*, 882 A.2d 1008, 1016-1017 (Pa. Super. 2005).

*Commonwealth v. Kinard*, 95 A.3d 279, 292 (Pa. Super. 2014).

Because this is a unique factual situation, there is no case law directly on point, however, we believe *Commonwealth v. Kirkland*, 831 A.2d 607 (Pa. Super. 2003), provides guidance.

> In the instant case, Appellant contends that the Commonwealth failed to prove constructive possession because: 1) Appellant did not own the vehicle in which the cocaine was found; 2) Appellant

was "never placed" in the vehicle; 3) the cocaine was located on the back seat of the vehicle rather than the front seat; 4) the vehicle's front windows were down and the vehicle was unlocked. Appellant's brief at 10-11.

We reject Appellant's argument that the evidence was insufficient to establish constructive possession. The record reveals that Ms. Byrd told the arresting officers that Appellant drove the vehicle in question to their residence prior to the assault, and Appellant possessed the keys to the vehicle. The cocaine was situated on a plate lying in plain view on the back seat of the vehicle, and when Officer Lynch returned to his patrol car, Appellant stated, "Ya'll found narcotics." Considering the totality of the circumstances, we find that the Commonwealth proffered ample evidence to support the inference that Appellant constructively possessed the cocaine.

*Id*. at 610.

Here, the evidence demonstrated that the tipster informed the police that there were four men in the car with guns. When the car was located, where the tipster reported seeing it, it was locked. Drugs were seen in plain view under the front passenger's seat. A gun was found tucked next to the console, next to the driver's seat. Drugs were found in the console, next to the driver's seat. Drugs were found, in plain view, under the front passenger's seat. The car was owned by Lafond. Although Lafond made no admission regarding the contraband, unlike *Kirkland*, this circumstantial evidence is sufficient to demonstrate Lafond's constructive possession of both the drugs and the gun.

Because we recognize the close nature of the evidence in this matter, we believe it is important to distinguish our resolution from the central case relied upon by the trial court, *Commonwealth v. Carrington*, 324 A.2d

531 (Pa. Super. 1974). In **Carrington**, the police found contraband in a vehicle following a traffic stop. Carrington, the owner of the vehicle, was not in the car at that time. In fact, some time earlier, he had reported the car stolen. Amphetamines were found in the car and a loaded .22 caliber pistol was found in a briefcase in the trunk. There were also papers in the briefcase suggesting the case was Carrington's. Based on this evidence, Carrington was found guilty of carrying a firearm without a license.

A panel of our Court reversed, finding the evidence was insufficient to support the conviction. They stated:

> In the instant case, the appellant was not present in the car at the time the car was stopped, nor when the gun was found. In fact, the appellant, the owner of the vehicle, had reported the car as stolen to the police. There is nothing in the record to indicate a conspiracy or link between the appellant and the occupants of the car so as to show that he in any manner vicariously engaged in criminal activity. No fingerprints belonging to the appellant were found on the gun, nor was there any evidence that appellant had placed the gun in the attache case. The mere fact that appellant owned the stolen vehicle and that papers were found in the attache case that could lead to a belief that appellant owned the case does not establish beyond a reasonable doubt that appellant placed the gun in the attache case or sanctioned the transport of the gun in the car. There is, in short, insufficient evidence to establish the offense of 'carrying' with respect to the appellant. As this Court said in **Commonwealth v. Festa**, [40 A.2d 112, 116 (Pa. Super. 1944)]: '(T)he mere presence of a revolver in the appellant's car was not a crime unless the appellant was present and in control of the movements of the car.' That crucial 'connection' was not established by the Commonwealth in its case.

**Carrington**, 324 A.2d at 532.

A controlling difference between **Carrington** and the instant matter is that the Commonwealth provided no link between Carrington and either the contraband or the people in the car. There was no question that Carrington was not in the car when the police stopped it. There was additional evidence that the car was stolen. Accordingly, it was no stretch to believe people who would steal a car and put drugs in it, may also hide a gun in a briefcase. In short, there was ample reason to question Carrington's connection to the contraband in the vehicle. That question made it impossible for the Commonwealth to sustain its burden of proof. However, no such reasonable question was demonstrated herein. The Commonwealth was able to circumstantially link Lafond to the car, and therefore, to the contraband.

Similarly, the trial court cited **United States v. Brown**, 3 F.3d 673, 683 (3d Cir. 1993) ("simple ownership or control of a vehicle is not enough on its own to establish constructive possession of drugs found therein, but rather, additional evidence must link the defendant to the drugs").[9] However, as our discussion demonstrates, we believe the additional evidence was provided. Further, we note that **U.S. v. Brown**, **supra**, involved drugs found in a residence, not in a vehicle. In addition to the sentence quoted by the trial court regarding mere ownership, **Brown** also

_____

[9] Our prior discussion demonstrates we believe the additional evidence was provided.

stated, "[W]hen drugs are found in a multi-room house, *as opposed to a vehicle*, the evidence linking the defendant to the drugs arguably must be even stronger." ***Id***. at 683 (emphasis added).

In light of the foregoing, we are compelled to reverse the order entered on January 14, 2014, granting Lafond's motion for arrest of judgment.

Order reversed. This matter is remanded to the trial court for re-imposition of the jury verdict and judgment of sentence. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2015