J-A05005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN DOUGHERTY | |
| Appellant | No. 3584 EDA 2013 |

Appeal from the Judgment of Sentence November 1, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000984-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and ALLEN, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 16, 2015**

Appellant, John Dougherty, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for persons not to possess firearms, carrying a firearm without a license, and carrying a firearm on public streets in Philadelphia.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows.

> [O]n January 4, 2013, at 10:55 p.m., police officer Michael Szelagowski received a report of gunshots and a man with a gun located on the 3500 block of Emerald Street in the Kensington section of Philadelphia.  The suspect was described as a tall, African American male.  He was heavy-set and reported to be wearing a red shirt.  The area is primarily residential, with a bar on the [northwest] corner

---

[1] 18 Pa.C.S.A. §§ 6105, 6106, 6108, respectively.

of the street named Shawn's Bar and Grill. Officer Szelagowski was in full uniform, in a marked police cruiser. A few seconds after arriving on scene, Officer Szelagowski observed [Appellant] wearing a red sweatshirt and a black jacket. The officer observed [Appellant] look in his direction and tense his right hand near his right hip. Immediately thereafter, [Appellant] turned and made a quick dash into the bar. Officer Szelagowski was approximately four car-lengths away from [Appellant] when he made these observations. Officer Szelagowski went to the front door as his partner, Officer Patrick Gereaghty, followed [Appellant] into the side door of the bar. From the front of the bar, Officer Szelagowski could see his partner chasing [Appellant] through the bar, but he could not gain entry through the locked door. He then ran along the outside of the bar to the side entrance and continued pursuit. Officer Szelagowski saw [Appellant] for a second as he turned a corner and entered the bathroom. [Appellant] slammed the door in Officer Gereaghty's face. The officers gave several verbal commands for [Appellant] to open the door. After about 15-20 seconds, Officer Szelagowski heard something "clinging around" the porcelain of the toilet. When the officers kicked open the door, [Appellant] was in a crouched position, "hovering" over the toilet.[2] Officer Szelagowski ordered [Appellant] to put his hands on the wall and frisked him for weapons to ensure the safety of himself and his partner.

---

[2] At trial, Officer Szelagowski elaborated Appellant's positioning as follows:

[COMMONWEALTH]: And where are his hands, if you can tell?

[OFFICER]: Out in front of him. Not stretched out in front of him, but out in front of him almost halfway stretched out. It appeared to me he was standing back up from being bent over.

(N.T. Trial, 7/23/13, at 17). Officer Gereaghty added that Appellant was facing the toilet seat "bent forward," and Appellant's pants were "zipped up." (N.T. Trial, 7/24/13, at 8). Additionally, there were no other patrons inside the bathroom. (N.T. Trial, 7/23/13, at 34).

[Appellant] had no weapon on his person and was escorted out of the bathroom. Officer Szelagowski then lifted the toilet tank lid and removed a silver revolver that was submerged in the water. The revolver was loaded with six live rounds. The bathroom was small in size, measuring approximately four to five feet wide and ten feet in length. There was only room for a sink and a toilet; there were no stalls or partitions.

(Trial Court Opinion, filed June 16, 2014, at 2-3) (internal citations to the record omitted).

Following a bench trial, the court found Appellant guilty of persons not to possess firearms, carrying a firearm without a license, and carrying a firearm on public streets in Philadelphia. On November 1, 2013, the court sentenced Appellant to an aggregate term of eleven and one-half (11½) to twenty-three (23) months' incarceration, followed by eight (8) years' probation. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on November 27, 2013. On December 18, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant subsequently complied with the court's order.

Appellant raises two issues for our review:

WHETHER…AN ANONYMOUS REPORT OF GUNSHOTS AND APPELLANT'S ALLEGED FLIGHT FROM POLICE ARE FACTS RATIONALLY RELATED TO PROVE POWER TO CONTROL REQUIRED FOR CONSTRUCTIVE POSSESSION?

WHETHER…THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT…GUILTY OF VIOLATIONS OF THE UNIFORM FIREARMS ACT WHEN THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH APPELLANT WAS

- 3 -

EVER IN CONSTRUCTIVE POSSESSION OF A FIREARM?

(Appellant's Brief at 7).

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

On appeal, Appellant asserts that various circumstances evaluated by the trial court, including the anonymous report over police radio and Appellant's flight from the officers, did not demonstrate his constructive possession of the firearm. Further, Appellant contends the Commonwealth

failed to establish that Appellant brought the firearm into the bathroom at the bar. Appellant insists "any of the twenty other persons inside the bar could have secretly placed the firearm inside the toilet of the public bathroom without [Appellant's] knowledge." (Appellant's Brief at 19). Absent more, Appellant argues the evidence did not support the court's finding of constructive possession. Appellant concludes the Commonwealth presented insufficient evidence to support his convictions. We disagree.

Section 6105 of the Crimes Code provides:

> **§ 6105.  Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.**—
>
> (1)  A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

Section 6106 defines in pertinent part the offense of carrying a firearm without a license:

> **§ 6106.  Firearms not to be carried without a license**
>
> **(a) Offense defined.—**
>
> (1)  Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business,

> without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1). Section 6108 defines the offense of carrying firearms on public streets in Philadelphia:

**§ 6108. Carrying firearms on public streets or public property in Philadelphia**

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> (1)   such person is licensed to carry a firearm;
>
> \*   \*   \*

18 Pa.C.S.A. § 6108(1).

"When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…." ***Jones, supra*** at 121 (quoting ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa.Super. 1996), *appeal denied*, 547 Pa. 751, 692 A.2d 563 (1997)). "Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control." ***Jones, supra*** at 121 (quoting ***Commonwealth v. Kirkland***, 831 A.2d 607, 610 (Pa.Super. 2003), *appeal denied*, 577 Pa. 712, 847 A.2d 1280 (2004)). "The intent to exercise conscious dominion can be inferred from the totality of the circumstances." ***Jones, supra*** at 121 (quoting ***Kirkland, supra*** at 610).

Instantly, the trial court evaluated the Commonwealth's evidence as follows:

> Officers received a report of gunshots and a man with a gun. [Appellant] fled from police, ignoring their calls to stop. He was the only person in the small bathroom. While the officers attempted to gain entry, they could hear porcelain clanging in the bathroom, indicative of the tank lid being moved. Then, after forcing themselves into the bathroom, the officers discovered [Appellant] hunched over the toilet with his arms outstretched. Upon removing the tank lid, the revolver was recovered. The inferences are clear. [Appellant]—after fleeing from police—was attempting to [hide] the firearm he had illegally possessed on his person.
>
> The record reflects that [A]ppellant had access to the firearm, the power to control it, and the requisite intent to exercise control over it.

(*See* Trial Court Opinion at 6) (internal citations omitted). Under the totality of these circumstances, sufficient evidence demonstrated Appellant's ability to exercise conscious dominion over the firearm. Thus, the Commonwealth established each element of the offenses at issue. *See Hansley, supra*; 18 Pa.C.S.A. §§ 6105, 6106, 6108. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2015

- 7 -