J-A08041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :  IN THE SUPERIOR COURT OF
 :    PENNSYLVANIA
     Appellee :
 :
    v. :
 :
HASSIEN SISTRUNK, :
 :
     Appellant : No. 1731 EDA 2015

Appeal from the Judgment of Sentence May 11, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010256-2012

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 09, 2016**

Hassien Sistrunk (Appellant) appeals from the judgment of sentence entered May 11, 2015, after he was found guilty of persons not to possess a firearm, firearms not to be carried without a license, and carrying firearms on the streets of Philadelphia.  We affirm.

The pertinent factual history of this case has been summarized by the trial court as follows.

> On January 17, 2012, at 9:50AM, Officer [Timothy] Murphy and his partner observed [Appellant] driving a Jeep Grand Cherokee, with the tag of HFF-9026, in the area of 4200 Torresdale Avenue, which fits the flash information that was dispatched at 8:20AM that morning.  The Officer then activated his lights and sirens to stop [Appellant], whom [*sic*] was cooperative.  Since the flash information involved a gun, the Officer secured [Appellant] from the car and searched him. Officer Murphy testified that he personally did not search the car. Instead, he contacted Detective [Shawn] Dewey from the Northeast Detective Division, who told him to secure the vehicle, put it on a property receipt, and transport it to McCallister and

---

* Retired Senior Judge assigned to the Superior Court.

Whitaker, which is the major crimes investigation auto squad where vehicles are searched and fingerprinted. Initially, Detective Dewey did not find anything relative to the investigation in [Appellant]'s car so he transported the car to the auto pound, a locked secured police facility, while [Appellant] was in custody. At the auto pound, Officer [John] Prendergast and an assistant officer performed a routine inventory search of [Appellant]'s car to check and list any kinds [*sic*] of valuables. Officer Prendergast opened the rear door of the Grand Cherokee and observed a large pile of clothes and gym equipment. He then found a heavy medium-sized green bag underneath the piles of clothes. Officer Prendergast unzipped the bag, saw the muzzle of a gun, and found an operable silver Smith & Wesson .38 [s]pecial revolver from inside the green bag. He notified Detective Dewey, who then recovered the gun the next morning on January 18, 2012. Counsel[] stipulated that the owner[s] of the vehicle [are Appellant] and Rochelle Brown. It was further stipulated that [Appellant] did not have a valid license to carry firearms.

Trial Court Opinion (TCO) 8/17/2015 at 2-3 (citations omitted).

Appellant was found guilty of the aforementioned crimes following a bench trial on November 19, 2014. On May 11, 2015, Appellant received a sentence of five to ten years of incarceration for persons not to possess a firearm, a concurrent sentence of two and one-half to five years of incarceration for firearms not to be carried without a license, and five years of consecutive probation for carrying a firearm on the streets of Philadelphia. This timely filed appeal followed.[1]

Appellant raises the following issue on appeal: "Was not the evidence insufficient for conviction on three possessory firearm offenses, insofar as all charges required proof that [Appellant] possessed a firearm and the

_____

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

evidence was insufficient to show either actual or constructive possession of a firearm?" Appellant's Brief at 3.

We address Appellant's argument mindful of the following standard of review.

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007).

Because Appellant was not found with the firearm on his person, and each of the crimes he was convicted of involves possession as a critical element for conviction, the Commonwealth was required to establish that Appellant had constructive possession of the firearm. *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement.

Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004) (internal

citations omitted).

Appellant contends

[he] was driving a car that was jointly owned by himself and another person. Concealed in the trunk of that car, under a pile of clothes, inside a bag, was a handgun. That gun was so well concealed that the first police officer to search the car did not find it. The car was impounded by police; the next morning a routine inventory search by police revealed the gun in the trunk. [Appellant] was never seen touching the gun, or going anywhere near it. There is absolutely no evidence of [Appellant] interacting in any way with the gun, or even being in any closer proximity to it than it being in the trunk of a car he was driving. It is undisputed that [Appellant] was not the only person with access to the car, as it was jointly owned. There is simply no way that the evidence of record here is sufficient to prove that [Appellant] constructively possessed the firearm, and therefore, the trial court erred in convicting him.

Appellant's Brief at 8.

Considering all of the evidence, the trial court offered the following

analysis:

The direct and circumstantial evidence, along with all reasonable inferences viewed in light most favorable to the Commonwealth, establishes that [Appellant] constructively possessed the firearm. [Appellant] had the power to control the gun inside the gym bag and the intent to exercise that control. Counsel[] stipulated that [Appellant] was the owner of the Jeep Grand Cherokee and [Appellant] himself admitted to the Officer

- 4 -

that he was in possession of the car the entire time, demonstrating exclusive control. The facts on the record also [created the inference] that he was the only person in the car at the time of arrest. Not only was [Appellant] the owner and the sole occupant of the car, [Appellant's] occupation as a personal trainer at LA Fitness provides circumstantial evidence that the green medium sized gym bag, where the gun was later recovered, belonged to him. Further, besides [Appellant], no other person gained access to the car after the time of his arrest. Officer Murphy, who initially stopped [Appellant,] testified that he towed the car directly to Detective Dewey, who had 29 ½ years of experience as a police officer and 7 years['] experience as a detective, from the Northeast Detectives Division. Detective Dewey then testified that after he initially overlooked [Appellant's] huge pile of clothes and gym equipment in the rear door of the car, he immediately transported the car to the auto pound, which is a gated secured police facility. Hence, from the time between the stopping and towing of [Appellant's] car to the time Officer Prendergast discovered the firearm at the auto pound, [Appellant's] car was safely secured by the police officers. In addition, circumstantial evidence inferred [*sic*] that [Appellant] attempted to hide the gun in the rear of his car inside a green gym bag underneath a large pile of gym equipment and clothes, displaying consciousness of guilt.

…[Appellant's] argument that the officers arrested him and searched his gym bag with negative results, then inexplicably placed the bag onto the middle of the street, and later thr[ew] it back to the backseat of the car is incredible.[2] Rather, the trial court finds the Officers' testimony to be credible accounts of the facts. Under the totality of the circumstances, the evidence adduced at trial shows that [Appellant] is guilty beyond a reasonable doubt for the conviction of possessing a firearm, carrying a firearm without a license, and carrying [a] firearm in the public in Philadelphia.

TCO, 8/17/2015, at 4-6. (citations omitted).

---

[2] At trial, Appellant testified that the officers "went into [Appellant's] gym bag, took everything out in the middle of the street and was looking through it outside." N.T., 11/19/2014, at 47. Appellant testified that after the officers didn't find anything, they put the bag back in the vehicle. ***Id.***

The trial court's factual findings are supported by the record. The Commonwealth showed that Appellant was an owner and the driver of the vehicle and from Appellant's admission, the person in exclusive control of the vehicle. The Commonwealth also established that Appellant was a personal trainer at a gym, and the firearm was located in a gym bag in the rear of the vehicle under a pile of gym equipment and clothing.

Based on the foregoing, it was reasonable for the trial court, sitting as finder of fact, to conclude from the evidence presented, giving credit to the officers' testimony, that Appellant constructively possessed the firearm.[3] "Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." *Commonwealth v. Jackson*, 659 A.2d 549, 551 (Pa. 1995) (quoting *Commonwealth v. Mudrick,* 507 A.2d 1212, 1213 (Pa. 1986)). It is well established that "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no

---

[3] *See*, *e.g.*, *Commonwealth v. Love*, 896 A.2d 1276, 1283 (Pa. Super. 2006) ("We may not weigh the evidence or substitute our judgment for that of the fact-finder. … When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence.").

probability of fact may be drawn from the combined circumstances."

***Commonwealth v. Hughes***, 908 A.2d 924, 928 (Pa. Super. 2006).[4]

Thus, the evidence was more than sufficient to permit the trial court to conclude that Appellant constructively possessed the gun. Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2016

---

[4] Appellant's reliance on ***Commonwealth v. Juliano,*** 490 A.2d 891, 894 (Pa. Super. 1985) is misplaced. In that case, Juliano was one of several people present where the contraband was found. Here, Appellant was the sole occupant of the vehicle and had exclusive control over its contents.