J-S15041-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :         PENNSYLVANIA

           Appellee       :

                        :

           v.            :

                        :

RANDY CARTWRIGHT         :

                        :

          Appellant      :       No. 1488 WDA 2018

Appeal from the Judgment of Sentence Entered October 9, 2018
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0002214-2017

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:          FILED APRIL 30, 2019

Appellant, Randy Cartwright, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions for two counts of possession with intent to deliver ("PWID"), and one count each of possession of a controlled substance and possession of drug paraphernalia.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.

> On August 25, 2016, Detective Brian Harvey of the City of Connellsville Police Department and the Fayette County Bureau of Investigations ("FCBI") conducted a drug investigation involving the use of controlled buys by confidential informants.  Detective Harvey was working for the FCBI as part of a controlled buy.  [Appellant] was the intended target.  The drug to be purchased was Heroin.  As part of the investigation, the confidential informant [("CI")] was informed that he would purchase 3 bags of Heroin from

_____

[1] 35 P.S. §§ 780-113(a)(30), (16), and (32), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

[Appellant] for a price of thirty ($30) dollars. The transaction was to take place in the parking lot of the Shop 'N Save store in Connellsville, Fayette County, Pennsylvania. The only parties present for the transaction were the [CI], Appellant, and law enforcement. Prior to the controlled buy, the [CI] met with law enforcement at the Connellsville Police Station where the [CI] was searched in the presence of Detective Harvey as part of the standard procedure before a controlled buy. The [CI] was found to be free of the possession of drugs, money, and other contraband. Detective Harvey provided the [CI] with thirty ($30) dollars in official funds to use for the purposes of the controlled buy. These funds were provided by the FCBI.

The [CI] was driven by Detective Heath to the Shop 'N Save [p]arking lot. Detective Harvey and Detective Patton proceeded to the location in separate vehicles. At no time was the [CI] out of sight of law enforcement. At or around 7:30 p.m., Detective Patton observed a burgundy Hyundai enter the parking lot. Detective Harvey also saw the burgundy Hyundai and identified Appellant as the driver and sole occupant. Detective Harvey observed Appellant come to a stop at which time the [CI] approached the driver side window of the Hyundai. The [CI] then entered the passenger side of the vehicle. The vehicle drove into a parking space where it remained for approximately thirty (30) seconds at which time the [CI] exited the vehicle. Appellant then exited the parking lot via York Avenue. Law enforcement then transported the [CI] back to the Connellsville Police Station. The [CI] provided the Detectives with three (3) folded tickets believed to contain heroin. The substance was submitted to the Pennsylvania State Police Crime Lab for testing. The substance was identified as Heroin.

(Trial Court Opinion, filed December 14, 2018, at 2-4) (emphasis and internal citations omitted).

During a jury trial from October 3 to October 4, 2018, Detectives Harvey and Patton both testified that they identified Appellant as the driver of the vehicle during the controlled buy. On October 4, 2018, the jury convicted

- 2 -

Appellant of two counts of PWID, and one count each of possession of a controlled substance and possession of drug paraphernalia. The court sentenced Appellant on October 9, 2018, to an aggregate sentence of 12 to 24 months' imprisonment. Appellant did not file post-sentence motions. Appellant filed a timely notice of appeal on October 17, 2018. The following day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on November 5, 2018.

Appellant raises the following issues for our review:

> DID THE COMMONWEALTH FAIL TO PRESENT SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT POSSESSED THE REQUISITE INTENT TO DELIVER A CONTROLLED SUBSTANCE?
>
> DID THE COMMONWEALTH FAIL TO PRESENT SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT POSSESSED A CONTROLLED SUBSTANCE?

(Appellant's Brief at 7).

When examining a challenge to the sufficiency of the evidence:

> The standard we apply...is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn

> from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

> This standard is equally applicable in cases where the evidence is circumstantial, rather than direct, provided that the combination of evidence links the accused to the crime beyond a reasonable doubt.

Commonwealth v. Orr, 38 A.3d 868, 872-73 (Pa.Super. 2011) (en banc), appeal denied, 617 Pa. 637, 54 A.3d 348 (2012) (internal citations, quotation marks, and emphasis omitted).

In his issues combined, Appellant argues the Commonwealth presented insufficient evidence to convict Appellant of PWID and possession of a controlled substance. Specifically, Appellant contends the detectives did not apprehend the driver of the vehicle at the scene of the controlled buy; no witnesses testified about interactions within the vehicle; no witnesses testified as to the number of occupants within the vehicle prior to the CI entering; and the Commonwealth did not present video evidence at trial. Appellant concludes this Court should grant Appellant either a judgment of acquittal, arrest of judgment, or a new trial. We disagree.

The Controlled Substance, Drug, Device, and Cosmetic Act defines the offenses of possession of a controlled substance and PWID as follows:

§ 780-113.  Prohibited acts; penalties

(a)    The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\*    \*    \*

(16)  Knowingly or intentionally possessing a controlled substance or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

\*    \*    \*

(30)  Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. §§ 780-113(a)(16), (30).  To establish the offense of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it. Commonwealth v. Jones, 874 A.2d 108, 121 (Pa.Super. 2005).

The trier of fact may infer that the defendant intended to deliver a controlled substance from an examination of the facts and circumstances surrounding the case.  Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

Id. (quoting Commonwealth v. Kirkland, 831 A.2d 607, 611 (Pa.Super. 2003), appeal denied, 577 Pa. 712, 847 A.2d 1280 (2004)).  "Thus, possession

with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption." Jones, supra at 121.

We further note:

> When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession. Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control. ... The intent to exercise conscious dominion can be inferred from the totality of the circumstances.

Id. (internal citations omitted).

Instantly, detectives oversaw a controlled buy between the CI and Appellant. On August 25, 2016, Detective Harvey searched the CI for contraband and gave him $30.00 to purchase heroin from Appellant. That evening, Detective Heath drove the CI to a designated parking lot. Detectives Harvey and Patton also attended the controlled buy. Detectives Harvey and Patton observed a burgundy Hyundai drive into the parking lot, and saw the CI enter through the passenger side door. Both detectives identified Appellant as the driver of the vehicle. The CI exited the vehicle after a short time and returned to the detectives. The CI provided three folded lottery tickets, which were later confirmed to contain heroin.

Here, the CI contacted Appellant for the specific purpose of purchasing heroin from Appellant. During the controlled buy, the CI entered a burgundy Hyundai, and Detectives Harvey and Patton identified Appellant as the driver

of the vehicle. After a short time, the CI exited the vehicle and returned to detectives with three folded lottery tickets, which contained heroin. Under the totality of the circumstances, the Commonwealth presented sufficient evidence to support Appellant's convictions. See 35 P.S. §§ 780-113(a)(16), (30); Orr, supra; Jones, supra. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/2019