J-A10013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD E. SIMPSON | |
| Appellant | No. 1556 MDA 2014 |

Appeal from the Judgment of Sentence August 6, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002214-2012

BEFORE: GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED APRIL 24, 2015**

Appellant, Donald E. Simpson, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his jury trial convictions for possession of a controlled substance with the intent to deliver ("PWID") and possession of drug paraphernalia.[1] We affirm Appellant's convictions but vacate and remand for resentencing.

The trial court opinion sets forth the relevant facts and procedural history of this case.[2] Therefore, we have no need to restate them.

---

[1] 35 P.S. § 780-113(a)(30), (32).

[2] Appellant timely filed a post-sentence motion on Monday, August 18, 2014, which the court denied on August 20, 2014. Appellant timely filed a notice of appeal on September 17, 2014. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal
*(Footnote Continued Next Page)*

Appellant raises three issues for our review:

> WHETHER THE TRIAL COURT ILLEGALLY SENTENCED APPELLANT TO A MANDATORY MINIMUM SENTENCE OF THREE (3) YEARS' INCARCERATION PURSUANT TO 18 PA.C.S.A. § 7508(a)(3)(i) AND 7508(b) WHERE THE STATUTE AT ISSUE—18 PA.C.S.A. § 7508—IS UNCONSTITUTIONAL AS A WHOLE SINCE IT VIOLATES APPELLANT'S RIGHT TO A JURY TRIAL UNDER ARTICLE I, SECTION IX OF THE PENNSYLVANIA CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION?
>
> WHETHER THE COMMONWEALTH FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN APPELLANT'S CONVICTIONS WHERE THE COMMONWEALTH FAILED TO PROVE THAT APPELLANT POSSESSED THE CONTROLLED SUBSTANCE ULTIMATELY DISCOVERED IN THE VEHICLE?
>
> WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-SENTENCE MOTION WHERE HIS CONVICTIONS WERE AGAINST THE WEIGHT OF THE EVIDENCE SO AS TO SHOCK ONE'S SENSE OF JUSTICE AS APPELLANT WAS NEVER SHOWN TO HAVE INTENDED TO DELIVER THE CONTROLLED SUBSTANCE HE ALLEGEDLY POSSESSED?

(Appellant's Brief at 6).[3]

"Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence." *Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa.Super. 2012), *appeal denied*, 617 Pa. 629, 53 A.3d 756 (2012) (quoting *Commonwealth*

_____
*(Footnote Continued)*

pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on October 9, 2014.

[3] Appellant challenges only his PWID conviction in issues two and three.

*v. Brougher*, 978 A.2d 373, 377 (Pa.Super. 2009)).  "Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute.  Our standard of review over such questions is *de novo* and our scope of review is plenary."  *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa.Super. 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008) (internal citations omitted).

In *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the United States Supreme Court held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt.  *Id.*  Here, the court imposed the three year mandatory minimum sentence under 18 Pa.C.S.A. § 7508 for Appellant's PWID conviction.  Section 7508(a)(3)(i) sets forth a mandatory minimum sentence of three (3) years' imprisonment where a defendant is convicted of PWID (crack cocaine) when the aggregate weight of the drugs is between two and ten grams, and the defendant has been convicted of another drug trafficking offense.  *See* 18 Pa.C.S.A. § 7508(a)(3)(i).  Section 7508(b) of this statute states that its provisions shall not be an element of the crime and applicability of the statute shall be determined by the court at sentencing by a preponderance of the evidence.  18 Pa.C.S.A. § 7508(b).

Recently, in *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), this Court addressed the constitutionality of a mandatory

minimum sentencing statute containing language similar to Section 7508. This Court analyzed whether Newman's mandatory minimum sentence was constitutional in light of *Alleyne*. Relying on *Alleyne*, *Newman* held that 42 Pa.C.S.A. § 9712.1 (requiring imposition of mandatory minimum sentence for certain drug offenses committed with firearms) can no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." *Newman, supra* at 98. This Court further held that the subsections of Section 9712.1 are so "essentially and inseparably connected" that severance of the statute is not possible, rendering the entire statute unconstitutional. *Id.* at 102. Thus, this Court vacated Newman's PWID sentence and remanded for resentencing without imposition of the mandatory minimum under Section 9712.1.[4] *See also Commonwealth v. Cardwell*, 105 A.3d 748 (Pa.Super. 2014) (holding trial court erred by imposing mandatory minimum sentence under Section 7508, even where parties stipulated to weight of drugs; under *Newman* and its progeny, Section 7508(b) is not severable from remainder of statute; remanding for

---

[4] This Court also made clear that *Alleyne* is subject to limited retroactivity; in other words, *Alleyne* is applicable only to criminal cases still pending on direct review. *Id.* at 90.

resentencing without imposition of mandatory minimum sentence).

Additionally, the Controlled Substance, Drug, Device and Cosmetic Act defines PWID, as follows:

**§ 780-113.  Prohibited acts; penalties**

(a)    The following acts and the causing thereof within the Commonwealth are hereby prohibited:

*    *    *

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).   To establish the offense of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it. *Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa.Super. 2005).

> The trier of fact may infer that the defendant intended to deliver a controlled substance from an examination of the facts and circumstances surrounding the case.  Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

*Id.* (quoting *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa.Super. 2003), *appeal denied*, 577 Pa. 712, 847 A.2d 1280 (2004)).  "[A]ll of the facts and circumstances surrounding the possession are relevant and the

elements of the crime may be established by circumstantial evidence." ***Commonwealth v. Little***, 879 A.2d 293, 297 (Pa.Super. 2005), *appeal denied*, 586 Pa. 724, 890 A.2d 1057 (2005).

"When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…." ***Jones, supra*** at 121 (quoting ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa.Super. 1996), *appeal denied*, 547 Pa. 751, 692 A.2d 563 (1997)). "Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control." ***Jones, supra*** at 121 (quoting ***Kirkland, supra*** at 610). "The intent to exercise conscious dominion can be inferred from the totality of the circumstances." ***Jones, supra*** at 121 (quoting ***Kirkland, supra*** at 610). "Constructive possession may be found in one or more actors where the item [at] issue is in an area of joint control and equal access." ***Commonwealth v. Valette***, 531 Pa. 384, 388, 613 A.2d 548, 550 (1992).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Deborah E. Curcillo, we conclude that Appellant's first issue warrants remand for resentencing; and Appellant's second issue merits no relief. The trial court opinion discusses and properly disposes of these questions. (***See*** Trial Court Opinion, filed October 21, 2014, at 6-7) (finding: **(1)** parties stipulated to weight of drugs in this case, and jury specifically answered question

- 6 -

concerning weight of drugs on verdict slip; nevertheless, in light of **Newman**, Section 7508 is no longer constitutional, so remand for resentencing is appropriate;[5] **(2)** Appellant sat in back seat of vehicle; driver and front passenger of vehicle testified there were no drugs in backseat before Appellant entered vehicle; Officer Roberts testified he did not see driver or front passenger make any sudden movements to indicate they placed drugs in backseat; Officer Roberts recovered drugs from backseat, where Appellant had been sitting; Appellant had power to control drugs as person closest to drugs; Commonwealth presented sufficient evidence that Appellant constructively possessed drugs recovered from vehicle). Accordingly, we affirm Appellant's PWID conviction, on the basis of the trial court's opinion, and agree with the court that resentencing is necessary without imposition of the mandatory minimum sentence under Section 7508.

In his third issue, Appellant argues that the plastic baggies Officer Roberts recovered on his person were not used to package drugs, but were sandwich baggies Appellant had in his pocket from his job earlier that day as a cook at Kentucky Fried Chicken ("KFC"). Appellant asserts the money Officer Roberts recovered on his person likewise had nothing to do with drugs, but was money Appellant obtained from his paycheck the previous day. Appellant emphasizes that an earlier court order required the

_____

[5] The Commonwealth agrees this Court should remand for resentencing without imposition of the mandatory minimum sentence.

Commonwealth to return the money recovered from Appellant's person because Appellant proved it came from his paycheck. Appellant contends that even if he possessed the drugs at issue, the Commonwealth failed to demonstrate that he intended to deliver the drugs. Appellant concludes the jury's PWID verdict was against the weight of the evidence, and this Court should grant appropriate relief. We disagree.

When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Rivera*, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

Instantly, Appellant preserved his challenge to the weight of the evidence in a timely filed post-sentence motion, which the court denied on August 20, 2014. At trial, the jury heard testimony from the Commonwealth's expert witness, Chief John Goshert. The trial court summarized Chief Goshert's testimony as follows:

> In this case, Chief Goshert testified as an expert that [in] most situations where there are drugs and small baggies, the person in possession of the drugs intends to deliver them. In our case, there was one bag of crack cocaine along with several bags commonly used to package drugs. The incident occurred in a high drug trafficking area of Harrisburg City. The lack of drug use paraphernalia is also evidence of intent to deliver, as someone who intended to use the drugs would generally have some sort of pipe on [him]. [Appellant] had no such device. Further, the amount of crack cocaine indicates likelihood of delivery. Most users have one dose of the drug on them as opposed to several. Per Chief Goshert, the street value of the crack cocaine found in the vehicle was roughly $500, a fairly significant amount of cocaine to carry around if it were merely for personal use.

(Trial Court Opinion at 8-9). In his defense, Appellant testified, *inter alia*: (1) the drugs recovered from the vehicle were not his; (2) the sandwich baggies recovered from his person were solely related to his employment at KFC; (3) the money recovered from his person was legitimate income from his paycheck, which Appellant received the day before; and (4) the court previously ordered the Commonwealth to return the money recovered from Appellant's person after Appellant proved the money came from his paycheck.

The jury was free to reject Appellant's testimony and accept as true

testimony from the Commonwealth's witnesses that Appellant constructively possessed the drugs at issue with the intent to deliver. ***See Champney, supra***. We see no reason to disrupt the trial court's decision to deny Appellant's weight claim. ***See Rivera, supra***; ***Champney, supra***. Accordingly, we affirm Appellant's convictions, but vacate and remand for resentencing without imposition of the mandatory minimum sentence under Section 7508.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015