**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON MARASCO | |
| Appellant | No. 1535 WDA 2013 |

Appeal from the Judgment of Sentence of August 29, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No.: CP-02-CR-0001939-2013

BEFORE:  BENDER, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 13, 2014**

Jason Marasco appeals his August 29, 2013 judgment of sentence for contraband.  We affirm.

The evidence, viewed in the light most favorable to the Commonwealth, supports the following factual account:

> [O]n November 23, [2012], [Marasco] was a resident of cell 220 on pod 4D in the Allegheny County Jail.  On that day, Corrections Officer Eric Gamboa observed five (5) to ten (10) inmates going into [Marasco's] cell, remaining in the cell for three (3) to five (5) seconds and then leaving.  Officer Gamboa called [Marasco] out of his cell and reminded him that other inmates were not permitted in his cell.  [Marasco] stated he understood.  After approximately five (5) minutes, the parade of inmates return[ed] to their respective cells to be counted, and he and his partner, Officer Charles Claypoole went to [Marasco's] cell.  During the search, Officer Claypoole discovered a sock under [Marasco's] bunk[,] which contained a baseball-sized

---

[*]    Retired Senior Judge assigned to the Superior Court.

amount of powder, which was later determined to be the drug clonazepam.

Trial Court Opinion ("T.C.O."), 1/13/2014, at 3.

Based upon this evidence, the trial court, following a bench trial, found Marasco guilty of Contraband, which is defined, in relevant part, as follows:

> **(a) Controlled substance contraband to confined persons prohibited.—**A person commits a felony of the second degree if he sells, gives, transmits or furnishes to any convict in a prison, . . . or gives away in or brings into any prison . . . for the use and benefit of the prisoners or inmates, or puts in any place where it may be secured by a convict of a prison . . . any controlled substance included in Schedules I through V of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, . . . without a written permit signed by the physician of such institution . . . .

18 Pa.C.S. § 5123(a). Pursuant to subsection 5123(a.1), an individual convicted of a violation of subsection 5123(a) is subject to a mandatory minimum sentence of at least two years of total confinement. Accordingly, the trial court sentenced Marasco to the mandatory minimum sentence of two to four years' incarceration.

Marasco filed no post-sentence motions, but filed the instant appeal. On December 6, 2013, the trial court directed Marasco to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 17, 2013, Marasco timely complied. Thereafter, the trial court entered the above-excerpted Rule 1925(a) opinion.

Before this Court, Marasco raises the following issue:

> The evidence was not sufficient to establish each element of possession of contraband beyond a reasonable doubt because

- 2 -

the Commonwealth failed to prove that [Marasco] was aware of the contraband or would have had any opportunity to possess it when he was only in the cell for a short time, others had access to the cell, and he was strip searched before being placed in the cell[,] whereas the cell was not searched before placing [Marasco] in it.

Brief for Marasco at 9 (capitalization modified).

Our review of a challenge to the sufficiency of the evidence is governed by the following standard:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in [the] light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find [that] every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mobley*, 14 A.3d 887, 889-90 (Pa. Super. 2010) (quoting *Commonwealth v. Mollett*, 5 A.3d 291, 313 (Pa. Super. 2010)); *see Commonwealth v. Auker*, 681 A.2d 1305, 1314 (Pa. 1996).

In substance, Marasco's challenge pertains only to the possession element of contraband, leaving unchallenged the adequacy of the Commonwealth's proof of the other elements. Marasco correctly argues

that, because the contraband was not found on his person, it was incumbent upon the Commonwealth to prove beyond a reasonable doubt that Marasco constructively possessed the controlled substance.  Brief for Marasco at 9-10 (citing *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003)).  Marasco acknowledges our case law establishing that "conscious dominion" may be established circumstantially when the item in question is found in a place typically accessible only to the accused, but notes that such an inference is not appropriate when the item in question is found in a location to which others have a similar degree of access to the accused.  *Id.* at 11-12; *see Commonwealth v. Stamps*, 427 A.2d 141, 145 (Pa. 1981) ("We recognize that the fact of possession loses all persuasiveness if persons other than the accused had equal access to the place in which the property was discovered," but "exclusive control over the contents of a residence may properly be inferred from a showing that the accused is the only occupant or tenant of that residence.").

In applying these principles to the instant case, Marasco relies heavily upon the assertions embedded in his statement of the issues:  He contends that he had been moved into the cell where the contraband was discovered shortly before the correctional officers' search; that he was strip searched before he was moved into that cell; that the cell, itself, was not searched before the move; and that numerous other inmates, including a cell mate, had equal or superior access to the location where the contraband was

- 4 -

found.  *Id.* at 11-12.[1]  Thus, he contends, the Commonwealth failed to prove beyond a reasonable doubt each element of the crime of contraband.

The trial court rejected this argument.  First, it noted that, "[a]lthough numerous inmates had been in and out of [Marasco's] cell prior to the search, there is only one pocket in the jail uniforms – a chest pocket in the shirt – and none of those inmates were seen with a baseball-sized item in [his] chest pocket."  T.C.O. at 3.  The court rejected the balance of Marasco's argument as follows:

> [Marasco] presented no evidence in support of [the] argument [that he had recently been moved into the cell] in the form of jail logs, etc., and therefore [the trial court could not] consider it. Rather, the drugs were found under [Marasco's] mattress, in an area not accessible to the lower-bunk inmate, and in an area within [Marasco's] control.

*Id.*

We have described the nature of "constructive" possession as follows:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control.

---

[1]  In effect, Marasco attempts to exploit the very evidence that the court found damning – the numerous brief visits of other inmates – as inculpating evidence, by insisting that any of these visitors might, in fact, have deposited or otherwise exercised dominion over the contraband found hidden in Marasco's bunk without his knowledge or complicity.

> To aid application, we have held that constructive possession
> may be established by the totality of the circumstances.

***Commonwealth v. Parker***, 847 A.2d 745, 750 (Pa. Super. 2004) (quoting

***Commonwealth v. Thompson***, 779 A.2d 1195, 1199 (Pa. Super. 2001))

(internal quotation marks omitted).  While "[i]ndividually, the circumstances

may not be decisive[,] . . . in combination, they may justify an inference

that the accused had both the power to control and the intent to exercise

that control."  ***Commonwealth v. DeCampli***, 364 A.2d 454, 457

(Pa. Super. 1976).

Marasco, indeed, testified that he had been moved recently and that

he had been strip searched in advance of that move.  He further testified

that the cell was not searched before he was placed in it.  However, the trial

court, as fact-finder, was free to disregard Marasco's testimony as

incredible, especially in the absence of corroborating evidence.  However,

the burden of proof beyond a reasonable doubt rests with the

Commonwealth.  Thus, it was incumbent on the Commonwealth to establish

constructive possession beyond a reasonable doubt.  As noted above, the

evidence at trial established that Marasco occupied a cell that was visited

ever so briefly by five to ten other inmates.  After correctional officers

observed this pattern, they searched the cell, discovering a baseball-sized

bag of contraband lodged in Marasco's mattress.

In light of the above evidence, a fact-finder reasonably could have

concluded that Marasco had the "power to control the contraband and the

intent to exercise that control." Not only was the contraband found in Marasco's bunk, over which a fact-finder could infer Marasco's effectively exclusive dominion, but the "parade" of visitors to his cell entered the cell while Marasco was there, all but excluding any prospect that any one of them deposited the contraband in Marasco's bunk without his knowledge and assent. That evidence was sufficient to satisfy the standard we have set forth for constructive possession, and, therefore, sufficient to establish beyond a reasonable doubt that Marasco committed the crime of contraband.

The cases cited by Marasco are not to the contrary; indeed, we find support for affirmance in the very same cases. In *DeCampli*, for example, we reversed the defendant's judgment of sentence not due to the inadequacy of the proof of constructive possession but due to certain prejudicial testimony presented by the Commonwealth. *See* 364 A.2d at 457-59. With respect to the constructive possession at issue in that case, we found circumstantial evidence that the defendant was the sole occupant of the dwelling sufficient to sustain the conviction notwithstanding that visitors to the home could have brought the contraband, unbeknownst to the defendant. *Id.* at 456-57. Our conclusion found additional support in the fact that the contraband was found variously in a jewelry box and an envelope on the defendant's dresser in his bedroom. *Id.* at 457.

In *Thompson*, an inmate was found to be in constructive possession of a bag of contraband. The defendant was observed in his cell with two

other inmates; all three were seen to have packets containing a "brown, grass substance." A larger bag was observed on the inmate's bunk. Correctional officers secured the cell, and, in the search that followed, found a large bag containing marijuana wedged in a table near the inmate's bunk, which we characterized as a "location to which [the inmate], in the future, would have private access." 428 A.2d at 225. While the initial observations arguably were more incriminating than the initial observations in this case, our conclusions regarding the location of, and present and future access to, the contraband nonetheless were our primary basis for affirmance. Those observations apply equally to this case, in which the contraband was found secreted in Marasco's bunk, to which he later would have access superior to any other individual. The location of the contraband in Marasco's cell, viewed in tandem with the brief visits of five to ten other inmates in rapid succession, constituted sufficient evidence to establish constructive possession of the contraband.

We conclude by noting that Marasco arguably does not directly challenge the adequacy of the Commonwealth's evidence under the applicable standard to establish an evidentiary basis for his conviction. Instead, Marasco's argument largely is based upon the proposition that the trial court wrongfully disregarded his self-serving testimony in favor of the Commonwealth's circumstantial evidence. Thus, Marasco arguably presents a challenge to the trial court's **weighing** of the evidence rather than the evidence's sufficiency. No such challenge will lie in this case: We may

consider a challenge to the weight of the evidence only if the appellant first has challenged it in an oral or written post-trial motion that is presented to the trial court. *See* Pa.R.Crim.P. 607(A); ***Commonwealth v. Mack***, 850 A.2d 690, 693-94 (Pa. Super. 2004). Marasco made no such motion. Consequently, any intended challenge to the weight of the evidence is waived.

The Commonwealth's evidence in this case was not "so weak and inconclusive that, as a matter of law, no probability of fact [could] be drawn from the combined circumstances." ***See Mobley***, *supra*. Thus, we find that the Commonwealth presented sufficient evidence to support a finding beyond a reasonable doubt of each element of the crime of contraband, including the circumstantial evidence of constructive possession. Consequently, Marasco's challenge to the sufficiency of the evidence fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/2014