J-S31034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY O. TUNSTALL | : | |
| | : | |
| Appellant | : | No. 3821 EDA 2016 |

Appeal from the Judgment of Sentence November 28, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002156-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 21, 2018**

Appellant, Gregory Tunstall, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas after the court found him guilty of Possession of a Controlled Substance with Intent to Deliver ("PWID"), Possession of a Controlled Substance, and Possession of a Small Amount of Marijuana.[1]   He challenges the sufficiency of the evidence underlying the PWID conviction.  Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(31), respectively.

We glean the facts from the certified record. On February 11, 2016, Appellant was driving a rental vehicle with Anthony Davis as a passenger. Patrolling Philadelphia Police Officers Jeffrey Opalski and Donald Ryder noticed that Appellant's rental vehicle had heavy front-end damage and stopped the vehicle. N.T., 7/6/16, at 14.

Upon approaching the vehicle, the officers smelled marijuana. When they asked Appellant if there was any marijuana in the vehicle, Appellant produced a baggie of marijuana and two glass jars of codeine syrup. The officers arrested Appellant. In conducting a search incident to arrest, Officer Opalski recovered 109 Ziploc packets, each containing a white, powdery substance that was later confirmed to be heroin. The officers also recovered five hundred dollars in cash from Appellant's wallet. *Id*. at 15-16.

On June 13, 2016, Appellant filed a Motion to Suppress the evidence. After a hearing on July 6, 2016, the court denied the Motion. That same day, Appellant proceeded to a bench trial at which the parties stipulated to the items found in the vehicle and on Appellant's person, as well as the lab report identifying the substances. *Id*. at 21. Officer James Johnson, an expert witness in drug packaging and dealing, also testified that the packaging and concealment of the heroin was consistent with possessing heroin with the intent to deliver it, as was the sum of cash Appellant carried and his use of a rental vehicle. *Id*. at 66-70. The trial court subsequently found Appellant guilty of all charges.

The trial court sentenced Appellant on August 31, 2016, to a term of four to eight years' incarceration for the PWID conviction and a consecutive term of six to twelve months' incarceration for Possession of a Controlled Substance. Upon reconsideration, the trial court merged Appellant's sentences for these two convictions and added five years' reporting probation. The court imposed no penalty for the marijuana conviction.

Appellant filed a timely Notice of Appeal. On April 18, 2018, counsel filed an **Anders** Brief and a Petition to Withdraw. Appellant did not file a response to counsel's Anders Brief.

In his **Anders** Brief, counsel raises one issue:

Was the evidence sufficient to prove the defendant guilty beyond a reasonable doubt?

Anders Brief at ix.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in **Anders** and its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no frivolous issues to be raised on appeal. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the **Anders** Brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. **Id**. **See also**

*Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005); *Santiago*, 978 A.2d at 361 (detailing substantive requirements of an Anders Brief).

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Goodwin*, *supra* at 291; *Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

Counsel in the instant appeal has complied with the above requirements. We, thus review the issue raised in the *Anders* brief.

**Sufficiency of the Evidence**

Although raised as a general sufficiency challenge in the *Anders* Brief, Appellant's counsel addresses the sufficiency of the evidence supporting Appellant's PWID conviction.

This Court's standard of review of the challenge to the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial [ ] in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of

innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015).

The Crimes Code has defined the offense of Possession of a Controlled Substance With Intent to Deliver, in relevant part, as follows:

**(a)  The following acts and the causing thereof within the Commonwealth are hereby prohibited:**

*****

(30)  Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering[,] or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

To establish the offense of Possession of a Controlled Substance With Intent to Deliver, the Commonwealth must prove beyond a reasonable doubt that Appellant both possessed a controlled substance and had the intent to deliver it.  *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003).  In determining whether Appellant had the intent to deliver a controlled substance, courts may consider several relevant factors, including "the

manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large [] sums of cash[.]" *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237-38 (Pa. 2007). Expert opinion testimony may also be admitted to establish "whether the facts surrounding the possession of controlled substances are consistent with [the] intent to deliver rather than with [the] intent to possess [them] for personal use." *Id* at 1238. "The expert testimony of a witness qualified in the field of drug distribution, coupled with the presence of drug paraphernalia, is sufficient to establish intent to deliver." *Commonwealth v. Carpenter*, 955 A.2d 411, 414 (Pa. Super. 2008).

In the instant case, the trial court concluded that the evidence was sufficient to establish that Appellant illegally possessed heroin and had intent to unlawfully deliver it. Upon being searched after his lawful arrest, the officers found 109 baggies of heroin on Appellant's person, specifically in his crotch area. At trial, the parties stipulated to the items found during the officers' lawful search of Appellant's person and vehicle. Significantly, Officer Johnson, an expert in the field of drug packaging and distribution, testified that the packaging and concealment of 109 individually wrapped baggies of heroin is consistent with possessing heroin with the intent to deliver.

We have reviewed the entire record and conclude that it supports the court's guilty verdicts. We, thus, agree with counsel that the issue is meritless.

Moreover, after conducting an independent review of the record as required by *Anders*, we discern no non-frivolous issues to be raised on appeal. We, therefore, grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Petition to Withdraw granted. Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/18