J-S71034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD KENNEDY | : | |
| | : | |
| Appellant | : | No. 3341 EDA 2017 |

Appeal from the Judgment of Sentence January 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009727-2015

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                **FILED APRIL 11, 2019**

Appellant, Harold Kennedy, appeals from the January 20, 2017 Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his conviction of Possession With Intent to Deliver ("PWID") and Possession of a Controlled Substance ("Possession").[1]  He challenges the weight and sufficiency of the Commonwealth's evidence and the discretionary aspects of his sentence.  Appellant's counsel has filed a Petition to Withdraw as Counsel and a Brief pursuant to ***Anders v California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

---

[1] 35 P.S. §§ 780-113(a)(30) and 780-113(a)(16), respectively.

The facts as gleaned from the record, including the Notes of Testimony from Appellant's July 22, 2016 non-jury trial, are as follows.[2]  At 9:45 PM on July 30, 2015, Officer Thomas LaCorte and his partner, Officer Aniyah Galarza, were patrolling in an unmarked car in the 7100 block of Georgian Road in Philadelphia.  As the officers drove past the intersection of 71st Street and Georgian Road, Officer LaCorte, who was driving the police vehicle, saw Appellant talking to a man later identified as Ryan Sheridan.  Appellant and Sheridan eventually walked towards the rear of one of the homes.  Officer LaCorte saw Sheridan hand Appellant money.  Appellant then pulled out an amber-colored pill bottle, took a pill from the bottle, and handed it to Sheridan.

The officers stepped out of the car, and identified themselves as police. Sheridan immediately dropped the pill to the ground and started running. Officer LaCorte reached out to apprehend Appellant, and Appellant threw the amber pill bottle over a fence.  After arresting Appellant, Officer LaCorte recovered the pill thrown by Sheridan and the amber pill bottle thrown by Appellant.  The pill was a green Oxycodone pill stamped "A-214."  The pill bottle contained 119 green Oxycodone pills also stamped "A-214."  The pill bottle had the name "Desirae Collier" on it.  The police also recovered $230 in assorted bills on Appellant's person.

Appellant's brother, Germane Muchison, also testified at trial.  He claimed that he was with Appellant on the night of the crime.  According to

---

[2] Attorney Joseph Santaguida represented Appellant at trial and sentencing.

Muchison, Appellant was merely standing nearby a "Caucasian male" when police arrived, and never handed the man anything.

Following Appellant's trial, the court convicted him of PWID and Possession. On January 20, 2017, the trial court held a sentencing hearing. The court considered a Pre-Sentence Investigation Report, as well as argument from counsel, and a statement from Appellant before sentencing Appellant to a term of 3½ to 7 years' incarceration for his PWID conviction.[3]

Appellant did not file a Post-Sentence Motion or a timely Notice of Appeal from his Judgment of Sentence.

On May 1, 2017, Appellant filed a Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, after which the PCRA court appointed counsel and reinstated Appellant's direct appeal rights *nunc pro tunc*. This timely appeal from Appellant's Judgment of Sentence followed.

On November 16, 2017, counsel filed a Statement of Intent to File an *Anders* Brief pursuant to Pa.R.A.P. 1925(c)(4).[4] On July 20, 2018, counsel filed an *Anders* Brief and a Petition to Withdraw. Appellant did not file a *pro se* or counselled response to either the Brief or the Petition.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in Anders and its progeny.

---

[3] Appellant's Possession conviction merged for sentencing purposes.

[4] The trial court did not issue a Rule 1925(a) Opinion.

*Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no frivolous issues to be raised on appeal. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the *Anders* Brief to the appellant and inform him of his right to proceed pro se or retain different counsel. *Id. See also Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005); *Santiago*, 978 A.2d at 361 (detailing substantive requirements of an *Anders* Brief).

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Goodwin*, *supra* at 291; *Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel."). Counsel in the instant appeal has complied with the above requirements. We, thus review the issues raised in the *Anders* Brief.

In his *Anders* Brief, counsel indicated that Appellant wished to raise the following three issues on appeal:

1. Was the sentence imposed upon [Appellant] manifestly excessive?

2. Was the verdict against the weight of the evidence to such a degree that it shocks one's conscious?

3. Is the competent evidence of record legally sufficient to support the convictions in this matter?

*Anders* Brief at 9.

## Discretionary Aspects of Sentencing

The first issue presented in the ***Anders*** Brief challenges the discretionary aspects of Appellant's sentence, which Appellant alleges is manifestly excessive. ***See Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002) (stating that an assertion that sentence is manifestly excessive challenges the discretionary aspects of sentencing). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Tejada***, 107 A.3d 788, 797 (Pa. Super. 2015). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** (citation and quotation omitted). The test includes: (1) preserving the issue in the court below; (2) filing a timely Notice of Appeal; (3) including a Pa.R.A.P. 2119(f) Statement; and (4) raising a substantial question for our review. ***Id.*** at 797-98. (citation omitted)

Here, Appellant did not raise his challenge to the discretionary aspects of his sentence by raising it orally at his sentencing hearing or in a written post-sentence motion. Thus, Appellant has waived this issue. ***See Commonwealth v. Hartman***, 908 A.2d 316, 319 (Pa. Super. 2006)

(discretionary sentencing claim waived where the defendant failed to preserve it either in an objection at sentencing or in a timely post-sentence motion).

**Weight of the Evidence**

The second issue presented in the **Anders** Brief challenges the weight the court gave to the Commonwealth's evidence. Pursuant to the Pennsylvania Rules of Criminal Procedure, a weight of the evidence claim must be "raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607.

Our review of the record indicates that Appellant failed to raise his challenges to the weight of the evidence, either orally or in writing at or before sentencing, or in a Post-Sentence Motion. Thus, Appellant has also waived his weight of the evidence claim. **See Commonwealth v. Kinney**, 157 A.3d 968, 972 (Pa. Super. 2017) (failure to raise a challenge to the weight of the evidence before the trial court results in waiver).

**Sufficiency of the Evidence**

Last, the **Anders** Brief challenges the sufficiency of the evidence in support of Appellant's PWID and Possession convictions. In particular, Appellant claims that the evidence in support of his convictions was insufficient because: (1) the Oxycodone was not physically recovered from his person, (2) the pill bottle had another person's name on it, and (3) his brother testified that he saw Mr. Kennedy's arrest but did not mention seeing him drop the pill bottle containing Oxycodone. **Anders** Brief at 34-36. Notably, Appellant does

not challenge the evidence supporting the "intent to deliver" element of PWID. Thus, Appellant essentially challenges only the "possession" element of these offenses.

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Miller**, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." **Id.** "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." **Id.**

The Crimes Code has defined the offense of PWID, in relevant part, as follows:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> $*****$
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State

board, or knowingly creating, delivering[,] or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

To establish the offense of PWID, the Commonwealth must prove beyond a reasonable doubt that Appellant both possessed a controlled substance and had the intent to deliver it. *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003). "In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence." *Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (citation omitted).

Evidence is sufficient to support a conviction for Possession if the Commonwealth shows that the defendant, "[k]nowingly or intentionally possess[ed] a controlled or counterfeit substance[.]" 35 P.S. § 780-113(a)(16).

It is well-settled that when an individual is found guilty of possessing contraband which was not found on his person, as in the case at bar, the Commonwealth is required to prove that he had constructive possession or joint constructive possession of the contraband. See *Bricker*, 882 A.2d at 1014. Constructive possession is a legal fiction; it is an inference from a set of facts that the defendant more likely than not had control of contraband that was not found on his person. *Commonwealth v. Mudrick*, 507 A.2d 1212,

1213 (Pa. 1986). The Pennsylvania Supreme Court defines constructive possession as "conscious dominion" which is "the power to control the [contraband] and the intent to exercise that control." ***Commonwealth v. Johnson***, 26 A.3d 1078, 1093 (Pa. 2011) (citation and quotation omitted). Constructive possession is inferred from the totality of the circumstances, and circumstantial evidence may be used to establish constructive possession. ***Id.*** at 1094.

In the instant case, the trial court, sitting as the fact-finder, found credible Officer LaCorte's testimony that he first saw Sheridan hand Appellant money, and then saw Appellant pull out an amber-colored pill bottle, take a pill from the bottle, and hand it to Sheridan. The court also believed Officer LaCorte's testimony that, after he and his partner identified themselves to Appellant, Sheridan dropped a pill to the ground and Appellant jettisoned an amber-colored pill bottle over a fence. Then, Officer LaCorte testified that, after arresting Appellant, Officer LaCorte recovered the pill thrown by Sheridan and the amber pill bottle thrown by Appellant. The pill was a green Oxycodone pill stamped "A-214." The pill bottle contained 119 green Oxycodone pills also stamped "A-214." The court, thus, concluded that Appellant illegally possessed Oxycodone and did so with the intent to unlawfully deliver it.

Following our review, and considering all of the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, we

conclude there is sufficient evidence to enable trial court to find every element of the crime beyond a reasonable doubt.

We agree with counsel that the issues raised in the **Anders** Brief are wholly frivolous. Furthermore, our independent review of the record, conducted in accordance with **Yorgey**, **supra**, confirms counsel's assertion that there are no issues of merit to be considered by this Court and this appeal is, thus, wholly frivolous. Thus, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judge Panella joins the memorandum.

Judge Nichols did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/19